UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCFALL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STACY AND WITBECK, INC., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-04150-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MOTION TO EXTEND DISCOVERY DEADLINE**<br><br>Re: Dkt. Nos. 61 & 70 |

Plaintiff Kevin McFall alleges that Defendants Stacy and Witbeck, Inc., and John Bollier, the CEO of Stacy and Witbeck, (collectively "Defendants") breached their respective duties to him regarding the valuation of the company's stock. Plaintiff now seeks to amend his complaint to add Houlihan Lokey, Inc.—Stacy and Witbeck's independent valuation firm—as a defendant. (Dkt. No. 70.) Plaintiff contends that documents recently produced by Houlihan Lokey demonstrate that it aided and abetted Defendants' improper stock evaluation. Plaintiff has also filed a related motion to extend the discovery deadline pending disposition of the motion to amend. (Dkt. No. 61.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motions. Under the liberal standard of Rule 15, amendment of the complaint is appropriate; there is thus necessarily good cause to modify the discovery deadline.

**BACKGROUND**

**A. Allegations of the First Amended Complaint**

Plaintiff was a long-time senior level employee and member of the board of directors of

Stacy and Witback. (Dkt. No. 31 ¶¶ 7-8.) In March of 2012, Plaintiff announced his plan to retire in June 2013. (*Id*. at ¶ 19.) Plaintiff alleges that from 2010 through 2013 John Bollier, Stacy and Witbeck's CEO, improperly manipulated Stacy and Witbeck's stock price. (*Id*. at ¶¶ 15-24.) As a result, when Plaintiff sold his shares in March 2013, they were significantly undervalued despite 2012 being a record year for profits at Stacy and Witbeck. (*Id*. at ¶¶ 20-34.) While the fiscal year 2012 (the year at issue) stock price was valued at only 1.48% of the prior year, the fiscal year 2013 (the year Bollier liquidated his holdings) stock price was set at rate that was 22% higher than the prior year. (*Id*. at ¶¶ 22-23.) Plaintiff alleges that he suffered $3 million in damages as a result of the manipulation of the stock price.

**B. Procedural History**

In September 2014, Plaintiff filed this action alleging two claims for relief for breach of contract, breach of good faith and fair dealing, and breach of fiduciary duty against Defendant Stacy & Witbeck and John Bollier.[1] (Dkt. No. 31.) Defendants moved to dismiss which the Court granted in part and denied in part. (Dkt. No. 23.) Plaintiff thereafter filed the now operative First Amended Complaint which Defendants answered. (Dkt. Nos. 31 & 32.) The parties delayed much of their discovery to pursue mediation in September 2015; however, mediation was ultimately unsuccessful. (Dkt. No. 41 at 2:14-16.[2])

In October 2015, the parties filed a joint discovery dispute regarding written discovery responses and the Court ordered Defendants to produce documents (1) regarding the stock valuation and (2) that Defendants provided to its independent valuation firm, Houlihan Lokey. (Dkt. No. 48.) The parties were ordered to meet and confer and file a proposed case schedule by November 5, 2015. The parties failed to do so and on December 14, 2015, the Court issued an order noting that the deadlines under the current case management schedule, including the dispositive motion deadline, had run and ordered the parties to file a joint statement regarding the

---

[1] The first claim for relief has three "counts": one for breach of contract, and two for breach of the duty of good faith and fair dealing as each defendant separately.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

1  case schedule. (Dkt. No. 49.) The parties did so and on January 6, 2016, the Court issued the
2  governing amended case schedule which set the discovery cut-off as April 15, 2016, the
3  dispositive motion deadline for August 15, 2016, and the trial for October 31, 2016. (Dkt. No.
4  51.) In March, Plaintiff filed a motion seeking to compel Houlihan Lokey to respond to a
5  document subpoena issued a year earlier (Defendants had been attempting to facilitate this
6  document production). (Dkt. No. 54.) At the hearing on the unopposed motion, the parties
7  advised the Court that the at-issue documents had been produced.
8        Shortly thereafter, Plaintiff filed the now pending motion to extend the discovery deadline,
9  and a week later, a motion to amend the complaint. (Dkt. Nos. 61 & 70.)

**DISCUSSION**

Plaintiff seeks to amend the complaint to add Houlihan Lokey as a defendant and add a third claim for relief for aiding and abetting a breach of a fiduciary obligation as to Houlihan Lokey and breach of fiduciary obligations as to Defendant Bollier. Plaintiff also moves to extend the discovery deadline (which has since past). Defendants oppose both motions as untimely, without factual basis, and as prejudicial.

**A. Plaintiff's Motion to Amend**

Federal Rule of Civil Procedure 15 provides that leave to amend the pleadings before trial should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be granted with "extreme liberality." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). In determining whether justice requires leave to amend, courts consider the five factors initially identified in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

Defendants' opposition to Plaintiff's motion is best construed as alleging undue delay,

3

1  prejudice, and futility.³  Defendants' sole argument regarding prejudice is that because the amount
2  in dispute in this action is relatively small, adding a defendant "could be used to tip the balance of
3  cost/benefit to leverage a settlement." (Dtk. No. 73 at 7:21-22.)  However, Defendants offer no
4  support for this argument.  The party sought to be added—Houlihan Lokey—has participated in
5  the discovery process; indeed, the bulk of the parties' discovery efforts to date have involved
6  obtaining documents Defendants either provided to Houlihan Lokey or exchanged with Houlihan
7  Lokey.  No depositions have taken place.  It is thus unclear how costs will escalate with the
8  addition of Houlihan Lokey given that the outstanding discovery costs would be incurred
9  regardless of whether Houlihan Lokey was added as a party.  Further, given the nature of the
10 allegations here, while the addition of Houlihan Lokey as a defendant may have come as a surprise
11 to Defendants, Houlihan Lokey's involvement in the actions alleged here cannot have.  *Cf.*
12 *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming
13 denial of leave to amend where the proposed amendments "drastically changed [plaintiff's]
14 litigation theory").  Finally, there is a sizable dispute as to the valuation of this case given that
15 Plaintiff alleges damages of more than $3 million.
16     Defendants' arguments regarding undue burden—styled as untimeliness—fare no better.
17 Defendants contend that Plaintiff has always known about Houlihan Lokey's involvement and that
18 nothing in the recent email production made a material difference.  The Court disagrees.  The
19 emails attached to the Declaration of Serena Morones reflect considerable discussion within
20 Houlihan Lokey regarding the stock valuation for fiscal year 2012 and concerns Houlihan Lokey
21 had regarding the valuation.  That Plaintiff knew prior to these emails that Houlihan Lokey had
22 increased its recommended price per share after consultation with Defendants and Stacy and
23 Witbeck's board of directors is not the same as knowing how Houlihan Lokey accomplished the
24 ultimate stock valuation from that year and the process it went through to get there.  That the
25 proposed amendment came at the close of discovery is not enough to establish undue delay.  *See*
26 *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981) ("[t]he mere fact that an amendment is

---

³ Defendants cite to the California Rules of Civil Procedure and California case law; however, the Federal Rules of Civil Procedure govern the Court's analysis.

offered late in the case ... is not enough to bar it."). The undue delay inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings. *See AmerisourceBergen Corp*, 465 F.3d at 953 (finding untimely and prejudicial a motion to amend filed fifteen months after discovery of new facts). In other words, undue delay is "dilatory motive." *In re: Facebook Privacy Litig.*, No.C–10–02389–RMW, 2015 WL 632329, at *2 (N.D. Cal. Feb. 13, 2015) (citation omitted). Because Plaintiff moved expeditiously to amend upon receipt of the emails and he did so prior the expiration of any case deadlines (other than the discovery deadline which he sought to extend prior to its expiration), there was no undue delay.

Finally, Defendants' argument that Plaintiff's claim against Houlihan Lokey is factually unsupported, does not persuade the Court that amendment would be futile. Defendants contend that Plaintiff has failed to make an adequate evidentiary showing with respect to his proposed claim for aiding and abetting a breach of fiduciary obligation, but this misapprehends the requirements of Rule 15. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). Thus, "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.' " *Allen v. Bayshore Mall*, No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (internal citation and quotation marks omitted). Under Rule 15(a), "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Accordingly, denial of a motion for leave to amend on the basis of futility "is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). The Court thus declines to deny the motion on this basis.

In sum, although Plaintiff's request to amend comes at the close of discovery, there is no

5

1   evidence of prejudice, bad faith, or futility.[4]  As delay alone does not provide sufficient grounds
2   for denying leave to amend, *see Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir.
3   1981), the motion to amend must be granted.  *See Howey v. United States*, 481 F.2d 1187,1190-91
4   (9th Cir. 1973) ("Where there is lack of prejudice to the opposing party and the amended
5   complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of
6   discretion to deny such a motion.").

### B.   Plaintiff's Motion to Extend the Discovery Deadline

Rule 16 governs modification of a case schedule, and states that "[a] schedule should not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Unlike Rule 15's liberal amendment policy, Rule 16 predominantly focuses on the moving party's reasons for seeking modification, its diligence, and the prejudice to the party opposing modification.  The district court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

Under the current case management schedule, discovery closed on April 16, 2016—the day after Plaintiff filed his motion to extend the discovery deadline.  (Dkt. No. 51.)  Under Rule 16, "[a] schedule should not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Given that the Court has granted Plaintiff's motion to amend the complaint to add a new party and claim for relief, there is necessarily good cause to amend the scheduling order with respect to the case management deadlines.

### CONCLUSION

For the reasons stated above, Plaintiff's motions to amend the complaint and extend the discovery deadline are GRANTED.  (Dkt. Nos. 61 & 70.)  Plaintiff shall file and serve the Second Amended Complaint forthwith.  Plaintiff shall also provide the newly added Defendant with a copy of the Magistrate Judge Consent/Declination Form.

The current discovery deadline is VACATED.  The parties shall appear for a Joint Case Management Conference on June 30, 2016 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave.,

---

[4] Defendants have not alleged bad faith.

6

1  San Francisco, California.  A Joint Case Management Conference Statement with a new proposed
2  case schedule shall be filed by June 23, 2016.
3  **IT IS SO ORDERED.**
4  Dated: May 16, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge